SALLIE M. OURY ET AL. v. MALVINA SAUNDERS ET AL.

No. 118.

1. **Instructions to Jury—Burden of Proof.**—In a suit to recover land which the plaintiffs claimed was paid for with the proceeds of their property, error for the court to instruct the jury, that plaintiffs must show this fact affirmatively to their satisfaction, as it placed upon them a greater burden in making their proof than the law requires. Fordyce v. Beecher, 2 Texas Civ. App., 29.

2. **Adverse Possession — Coverture.** — A married woman will not lose title to land through a possession first asserted to be adverse during her coverture, by the widow of the original occupant, who, during his lifetime and at the time of the owner's marriage, held in subordination to her title.

APPEAL from Guadalupe. Tried below before Hon. GEORGE McCOR-MICK.

*W. E. Goodrich,* for appellants.—1. The charge of the court, that the plaintiffs must show affirmatively to the satisfaction of the jury that the land was paid for with the proceeds of the sale of their property, imposed upon them a greater burden than does the law, which requires only a preponderance of evidence. Railway v. Gilmore, 62 Texas, 391; Wallace v. Berry, 83 Texas, 328; Emmerson v. Mills, 83 Texas, 385; Prather

v. Wilkins, 68 Texas, 187; McBride v. Bayers, 65 Texas, 174; Hutchins v. Masterson, 46 Texas, 551; Cravens v. Wilkins, 48 Texas, 324.

2. The court erred in charging the jury, that if the jury believed from the evidence that Malvina Saunders was in actual adverse peaceable possession of the homestead 200 acres prior to January 28, 1861, and so continued until 1885, when this suit was filed, that Mrs. Oury was barred by limitation as to the homestead 200 acres; because Mrs. Oury was married in 1863, and remained under coverture till the suit was filed, and L. A. Saunders, husband of said Malvina, lived with his family on this land continuously from 1859 until his death about 1870, and never claimed the land adversely to plaintiffs. Altgelt v. Brister, 57 Texas, 432; Belcher v. Fox, 60 Texas, 527; Wood on Lim., 513; Hobby's Land Law, secs. 299, 300.

*Ireland, Burgess & Dibrell* and *W. R. Neal*, for appellees.

JAMES, CHIEF JUSTICE.—The pleadings of the case as now before us are substantially as follows:

Sallie M. Oury (formerly Saunders) and Adrian Saunders, children of L. A. Saunders by a former wife, sued Malvina Saunders, widow of L. A. Saunders, and her children, to recover a tract of land, about 400 acres, and allege in an amended original petition, that in January, 1856, L. A. Saunders bought said land of the estate of Alvin M. Grinage on a credit, and when the purchase money became due Saunders was unable to meet it. That plaintiffs and a sister (Polly N. Gordon) were the owners of two slaves, which were then sold by a decree of court for the purpose of partition, and two-thirds of the proceeds of such sale, the portion appertaining to plaintiffs, was by said Saunders caused .to be applied to the payment of said obligation, although the deed was to Saunders; and that Saunders, although residing upon the said land from 1856 until his death, about 1871, always recognized the land as belonging to plaintiffs. That Saunders, in November, 1860, deeded the land to plaintiffs. That after the death of Saunders plaintiffs permitted the widow and her children to use the land as a home, they having no other, and brought this suit upon defendants' claiming the land as their own. That Polly N. Gordon had conveyed her interest to plaintiffs since the filing of the suit. They also allege, as against the defense of limitations, that Polly N. Gordon was married at the time Saunders obtained the land, and still is a married woman; that Mrs. Oury was married about 1862, and still is married; and that defendants set up no claim as owners of the land until shortly before the filing of the suit.

The prayer is, that the deed to L. A. Saunders be held to constitute a trust in favor of plaintiffs, that all pretended title be declared divested out of defendants in favor of plaintiffs, and for a writ of possession.

Defendants contend the formal plea of not guilty, and set up the statute of limitations of ten years in respect to all the land sued for; and also the following special matters:

1. That if it should be determined that the slaves belonged to plaintiffs and Mrs. Gordon, as alleged, the land having enhanced in value and being now worth $5000, the defendant Malvina Saunders has a community interest in the land, which she alleges would fairly and equitably be equal to the 200 acres of said land used as a homestead.

2. That if it should be determined that the land was the community property of Saunders and his widow, 200 acres thereof constituted a homestead, the deed of 1860 from Saunders to his said children was not executed, and was null and void.

3. That the deed from the executor of Grinage conveyed only one-half of the land, it having been community property of Grinage and his wife, wherefore the proceeds of the slaves did not pay for but one-half of the land; and afterwards, in 1858, the heirs of Mrs. Grinage having claimed a half of the land, Saunders purchased and took conveyance of the land from them, which was a community purchase, and she, the widow, is entitled to the benefit thereof.

4. That Mrs. Saunders and her husband occupied the land as their homestead until his death in 1871, and that she since that time, with her children, used as a homestead a certain 200 acres thereof, defining the same by metes and bounds; that she has in the manner necessary to prescribe by the ten years statute, with her family, occupied said 200 acres for more than ten years previous to the filing of the suit; and denies in detail all the material allegation of plaintiffs. Also, that if plaintiffs' property paid the obligation given by Saunders for the land, and plaintiffs were subrogated to the benefits thereof, said obligation has long since been barred by limitation.

There was a former appeal in this cause. Oury v. Saunders, 77 Texas, 278. On this occasion the Commission of Appeals called attention to the fact that the cause had been tried on the theory that if L. A. Saunders had bought the 400 acres on a credit, giving his note at twelve months, and at the maturity thereof, finding himself unable to meet it, caused it to be paid with funds belonging to Polly Gordon, Sarah M. Saunders (otherwise known as Lena, it seems), and Adam Saunders, under the circumstances shown in the record before us, it would not present a case of resulting trust, but a case in which the said three persons would be subrogated to benefit of the purchase note.

The general features of the case before us are the same as they were before the Commission of Appeals on its former appeal, and as the opinion then rendered received the approval of the Supreme Court, it must be taken as the law governing this case. In the main charge of the court it was substantially observed.

It seems that in January, 1856, L. A. Saunders purchased from the independent executor of the will of Alvin M. Grinage (who was J. F. Gordon) the land for which the suit is brought, about 400 acres, giving his note to the executor in payment thereof for $926, due one year thereafter. At the expiration of the time, it was testified, that Saunders was not able to make payment, and stated to the executor who held the note that he had two slaves who belonged to the executor's wife, Polly Gordon, and the minors Lena and Adam Saunders, and he wanted the executor to bring a suit for partition of the slaves, and have them sold in order to enable him to pay for the land. This was done, Gordon becoming the purchaser of the slaves, and discharging the note. That L. A. Saunders and his wife, Malvina, moved upon the land in 1856, and continued to live there until his death, about 1870, and after his death, about 1870, his widow, Malvina, continued to live there, and this suit was brought against her and her children by the plaintiffs in 1885.

That the land was originally the community property of Alvin T. Grinage and his wife, and in June, 1858, after the executor's deed to Saunders and after the payment of the note as aforesaid, Saunders obtained a deed to himself for the land from the children of Mrs. Grinage. The consideration of this deed, if any there was, it not shown. That Saunders, after causing said note to be paid as aforesaid, declared that the land belonged to his three children, the plaintiffs, and Mrs. Gordon. This was a few years before his death, and in 1860 it appears he had executed a deed for the land to S. M. Saunders and Adam Saunders, two of the three children, and plaintiffs in this suit, which deed was at same time placed on record. That prior to the trial Mrs. Gordon's claim to the property became vested in the plaintiff Sarah M. Oury (formerly Saunders).

A judgment was introduced which was rendered in a suit brought by the heirs of Archibald Gibson against Saunders for the land, which was in favor of Saunders, and rendered in 1869. There is nothing to show a superior title acquired by said judgment, and it had no material bearing on the relation in which Saunders stood to plaintiffs in respect to the land. An issue of fact was presented on the question of whether or not the proceeds of the slaves, they being the property of the children, paid the note which represented the purchase money of the land.

This issue resolved in the affirmative, neither a community nor a homestead claim in defendants could exist. If determined in the negative, the deed made by Saunders to plaintiffs in 1860 still vested in them the property, so far as any community claim is concerned, but they would take no title to the homestead by said deed alone. In either event, no right based on community ownership would accrue to defendants.

The first assignment of error is, that the court charged the jury in the instruction number 3 asked by defendant, that it was incumbent upon plaintiffs to show affirmatively to the satisfaction of the jury that the prop-

erty was purchased with the proceeds of the slaves, the property of plaint- iffs. It has been correctly held that such charge is erroneous, as it places upon a party a greater burden in making his proof than the law re- quires. Fordyce v. Beecher, 2 Texas Civ. App., 29.

The second assignment of error is well taken. It complains of the fifth charge given at the request of defendants. By this charge the jury were virtually instructed, that if they believed from the evidence that Malvina Saunders was in actual peaceable adverse possession of the homestead 200 acres prior to January 28, 1861, and so continued until 1885, when the suit was filed, that Mrs. Oury was barred by limitations as to the homestead 200 acres. Mrs. Oury was married in 1862, and by evidence, undis- puted, it appears that during his lifetime L. A. Saunders did not hold adversely to said three children by any notice brought home to them, and it follows that adverse possession did not begin its work until after his death, if at all, at which time Mrs. Oury was a married woman, and so she has remained. The entire charge number 5 was erroneous, be- cause not applicable to the facts, and it could have had but one effect—that of misleading the jury in respect to limitations. It is true the last men- tioned objection to the charge is not specifically assigned as error, but we deem it proper to refer to its objectionable character, in view of an- other trial.

There was also a charge as follows: "And if you further find from the evidence, that the plaintiff Mrs. Oury became twenty-one years of age before she married, and that more than ten years have elapsed since March 30, 1870, and before the filing of this suit, after which she knew or could have known that defendants held the land openly, notoriously, and adversely to her claim, if they did so hold, then she would be barred by limitations." As there was no conflict in the testimony as to her hav- ing married in 1862, and as to Saunders' possession not being adverse to her interest up to his death in 1870, the error of this instruction is mani- fest. The charges as given contained contradictory clauses as stated in the sixth assignment. Baker v. Ashe, 80 Texas, 356.

The verdict in this case was a general verdict for the defendants. The judgment which was entered upon this verdict decreed to Mrs. Saunders the 200 acres described in the answer as homestead, and quieted her title and possession thereto, " without prejudice, however, to all the children of L. A. Saunders, deceased, to their interest in the remaining 200 acres, the community interest of the children of L. A. Saunders, deceased; and that the other defendants go hence without delay, and that defendants recover costs against the plaintiffs."

The verdict and judgment, in so far as it undertakes to adjudge that portion of the tract outside the 200 acres homestead in part to Mrs. Saun- ders and her children, is contrary to the evidence. There is nothing to

militate against the title of plaintiffs to this portion of the land as acquired under the deed from Saunders in 1860, even viewing it as having been community property.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 29, 1893.