

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 28, 1967

Honorable Charles A. Allen
Criminal District Attorney
Harrison County
Marshall, Texas

Opinion No. M- 164

Re: Authority of the Commissioners Court to ratify or approve a purchase of equipment, supplies or materials purchased by any other person other than the county engineer under facts submitted.

Dear Mr. Allen:

Your request for an opinion on the above subject matter poses the following question:

"Can the Commissioners Court of Harrison County, Texas ratify or approve a purchase of equipment, supplies or material purchased by any other person other than the County Engineer?"

You state in your request that the voters of Harrison County pursuant to the provisions of Section 31 of House Bill 1346, Acts 60th Legislature, Regular Session, 1967, Chapter 778, Page 2076, adopted the provisions of said Act. House Bill 1346 is an Act commonly known as the Harrison County Road and Bridge Law and is an Act relating to the establishment of a more efficient road system for Harrison County. Sections 9 and 14 of said Act provide as follows:

"Sec. 9. The Commissioners Court of Harrison County, Texas, shall have authority to purchase all machinery, equipment, supplies, and materials necessary, requisite and/or convenient to lay out, construct, repair, and maintain an integrated and correlated system of all-weather local public roads in such county, with gravel or other all-weather surface, and to make payment therefor out of the general road and bridge fund. Before any such machinery, equipment, supplies, and materials are purchased under the provisions of this section, the commissioners court shall order the county engineer

to prepare specifications for such machinery, equipment, supplies, or materials, and the commissioners court shall use such specifications as recommendations in making its purchases.

"The county engineer shall make recommendations to the Commissioners Court of Harrison County, Texas, for the purchase of machinery, equipment, tools, supplies, and materials for use in the laying out, opening, widening, constructing, draining, grading, repairing, and maintenance of the county roads of Harrison County, and shall prepare specifications for such machinery, equipment, tools, supplies, and materials. The county engineer shall recommend the approval or rejection of all machinery, equipment, tools, supplies, and materials ordered by the commissioners court for use in the laying out, opening, widening, constructing, draining, grading, repairing, and maintenance of the county roads, and shall receipt for such machinery, equipment, tools, supplies, and materials purchased by the county for the road and bridge department.

"The county engineer shall keep a daily report, in triplicate, which shall show the amount of supplies and materials used and where the same were used, one copy of which shall be furnished the county auditor, one copy ot the commissioners court, and one copy shall be retained in his office; said report shall show which project such supplies and materials are charged to and shall so allocate the expenditures made on each project as to show the cost thereof." (Emphasis added.)

"Sec. 14. The county engineer is empowered and authorized to purchase, rent, lease, or hire all necessary machinery, implements, tools, labor, and materials required to maintain, construct, and improve the public roads of Harrison County, Texas, subject to the rules and regulations adopted by the commissioners court and the terms of this Act. All purchases made, for the use of the road and bridge department of said county, in an amount in excess of $500, shall be made on the basis of competitive bids, except as may be otherwise provided by order of the commissioners court. Purchases of under $500, required for the efficient operation of the road and bridge department, shall be made by the county engineer under the rules and regulations adopted by the Commissioners Court of Harrison

County, Texas. No purchase shall be made for
the benefit of the road and bridge department
for which funds are not provided in the current
approved road and bridge department budget, ex-
cept in the case of emergency involving public
safety, health, and the protection of life and
property." (Emphasis added).

You state in your request that pursuant to Section 14
above quoted the Commissioners Court of Harrison County adopted
certain rules and regulations and that paragraph 3 of said rules
and regulations reads as follows:

"3. All purchases for the Road and Bridge
Department shall be made in strict compliance
with Sec. 14 of the Road and Bridge Law. The
Engineer shall be the sole and exclusive pur-
chasing agent. Any purchase made without his
authorization shall be void. In the event of
a purchase without the authority of the Engineer,
such person usurping the authority of the Engineer
shall be individually responsible to the supplier
or other person involved. The Engineer shall be
authorized to purchase materials and supplies,
which in his judgment are necessary for the opera-
tion of the Road and Bridge Department, but no one
purchase shall exceed Five Hundred Dollars ($500.00),
unless previously authorized by a contract entered
into as required by Sec. 14 of the Road and Bridge
Law." (Emphasis added).

Construing the provisions of Sections 9 and 14 of House
Bill 1346 above quoted together, we note that the ultimate power
for the purchase of machinery, equipment, supplies and materials
necessary requisite and/or convenient to lay out, construct, repair
and maintain public roads in Harrison County rests in the Commissioner
Court of Harrison County.

While the Commissioners Court cannot bind the county by
ratification of an illegal contract (Germo Mfg. Co. vs. Coleman
County, 184 S.W. 1063 (Tex.Civ.App. 1916, no writ); Limestone
County vs. Knox, 234 S.W. 131 (Tex.Civ.App. 1921, no writ);
Ochiltree County vs. Hedrick, 366 S.W.2d 866, (Tex.Civ.App. 1963,
error ref. n.r.e.)), it is well settled law in this State that
what the Commissioners Court could have authorized in the beginning,
the Commissioners Court may subsequently ratify; and where a county
receives benefits under a contract not made in conformity with the
Constitution or statute of the State, the county will be held liable

on an implied contract for the reasonable value of the benefits which the county may have received. Rodgers vs. County of Taylor, 368 S.W.2d 794 (Tex.Civ.App. 1963, no writ); Cameron County vs. Fox, 61 S.W.2d 483 (Tex.Comm.App. 1933); City of San Antonio vs. French, 80 Tex. 575, 16 S.W. 440 (1891); Leon County vs. Vann, 86 Tex. 707, 27 S.W. 258 (1894); Boydston vs. Rockwall County, 86 Tex. 234, 24 S.W. 272 (1893); Williams vs. Pure Oil Co., 124 Tex. 341, 78 S.W.2d 929 (1935); Galveston County vs. Gresham, 220 S.W. 560 (Tex.Civ.App. 1920, error ref.); Kutzschbach vs. Williamson County, 118 S.W.2d 930 (Tex.Civ.App. 1938, error dism.).

This ruling is succinctly summarized in Rodgers vs. County of Taylor, supra, as follows:

"We have concluded that the Commissioners' Court had authority to pay Rodgers' bill. When the Commissioners' Court ratified the contract of the District Attorney, the County was bound by such contract. 'What the commissioners' court could have authorized in the beginning, that court could subsequently ratify.' Cameron County v. Fox, Tex.Com.App., 61 S.W.2d 483.

"If the Commissioners' Court did not have authority to pay Rodgers' bill under the above statute, we hold that the Commissioners' Court was authorized to pay Rodgers' bill under an implied contract. In Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841, the court said 'Since the decision in the French Case /City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440/ our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied

contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation.'"

In Leon County vs. Vann, supra, the county was not permitted to assert a want of authority where the Commissioners Court had ratified the contract made by the agent, the court stating:

". . .The reasonable intendment from this averment is that Leon county recognized and ratified the contract which had been made on its behalf, and paid the defendant for the work that had been done in pursuance of its terms. It is clear that, in such a case, the defendant should not be permitted to assert a want of authority in the agents who purported to act on behalf of the county in making the contract. Having received the benefit of the contract, he is estopped to deny its validity. . . ."

In view of the foregoing authorities, you are advised that the Commissioners Court of Harrison County may ratify or approve a purchase of equipment, supplies or material purchased pursuant to the provisions of House Bill 1346, Acts 60th Legislature, Regular Session, 1967, Chapter 778, Page 2076, even though such purchase was made by a person other than the county engineer.

## S U M M A R Y

The Commissioners Court of Harrison County may ratify or approve a purchase of equipment, supplies, or material purchased pursuant to the provisions of House Bill 1346, Acts 60th Legislature, Regular Session, 1967, Chapter 778, Page 2076, even though such purchase was made by a person other than the county engineer.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Honorable Charles A. Allen, page 6 (M-164)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Brandon Bickett
Harold Kennedy
Roger Tyler

A. J. CARUBBI, JR.
Staff Legal Assistant