## NUNN–WARREN PUB. CO. v. HUTCHINSON COUNTY.

### No. 3713.

Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1932.

Rehearing Denied Feb. 3, 1932.

James Spiller, of Panhandle, for appellant.

Jos. H. Aynesworth, of Borger, Hiram K. Aynesworth, of Stinnett, and Henry D. Meyers, of Borger, for appellee.

JACKSON, J.

The plaintiff, Hutchinson county, instituted this suit against the defendant Nunn-Warren Publishing Company, a corporation, to recover the sum of $517.50.

The plaintiff alleged that the defendant is and had been for more than a year publishing and circulating the Hutchinson County Herald, a newspaper in Hutchinson county. That the commissioners' court of said county ordered tax suits to be filed against unknown and nonresident owners of land in the county for the collection of the delinquent taxes of such owners. That in pursuance to said order, numerous separate suits were filed, the clerk of the district court issued citations to such unknown and nonresident owners in each suit, and placed them in the hands of the sheriff, who delivered such citations to the defendant, and upon affidavit therefor, the citations were published in the Hutchinson County Herald by the defendant.

That thereafter the defendant filed with the county auditor of said Hutchinson county a claim aggregating the sum of $517.50 for publishing such citations; that such claim was approved by said auditor, presented by the defendant to the commissioners' court of said county, and by said court allowed and a warrant issued therefor, which was paid by the plaintiff county; but the plaintiff was and is not liable for such claim and that the approval thereof by the auditor, the allowance thereof by the commissioners' court, and the payment thereof by the county, were unwarranted, without any authority in law, and were illegal and void. That the defendant was advised before said warrant was paid that the county was not liable thereon, as all of the acts of plaintiff's officers pertaining to the approval, allowance, and payment thereof were illegal and void, and by reason thereof the defendant is not entitled to the money paid it on said warrant. That demand had been made on the defendant to refund to the

county the money so paid, which it had failed and refused to do. That by order of the commissioners' court this suit was filed against the defendant to recover said money.

The defendant filed its motion asking the court to strike from the record and the papers in the case the name of Joseph H. Aynesworth as attorney for the plaintiff and refuse to permit him to appear in said case, for the reason that he had never been employed and had no authority to act for the plaintiff as attorney. This motion was overruled, and the defendant filed a plea in abatement presenting the same matters relative to Attorney Aynesworth, answered by general demurrer, numerous so-called special exceptions, general denial, and alleged that the action of the auditor, the commissioners' court, and the county in approving, allowing, and paying the claim was legal. That by reason of said approval, allowance, and payment, the transaction was completed and the plaintiff is estopped to urge the illegality or invalidity of such acts. That the publication of the citations in the Hutchinson County Herald was made in good faith, and if the suits had been prosecuted to judgment and a sale had thereunder, the defendant could have collected the money for the services rendered, but that acting through some attorney, the plaintiff dismissed said suits and rendered it impossible for the defendant to collect the money for the publication of the citations from the proceeds of the sale of the property. That if the payment of said sum of money to the defendant was illegal, the county commissioners and the auditor were personally liable therefor and the defendant should not be required to refund said money.

The case was submitted to the court without the intervention of a jury and judgment rendered in favor of the plaintiff against the defendant for the sum of $517.50, with costs of suit, from which judgment the defendant prosecutes this appeal.

■ The appellant presents as error the action of the court in refusing to sustain its motion to strike from the record the name of Joseph H. Aynesworth and refuse to permit him to appear in the case as attorney for plaintiff and also in refusing to sustain its plea in abatement presenting the same question, because it was the duty of the county attorney to prosecute this suit and the said Aynesworth held no official position by the county and had no contract with the commissioners' court to represent the county in the suit.

The record shows that this suit was filed and prosecuted jointly by the county attorney of Hutchinson county and Joseph H. Aynesworth, who was acting under a contract with the commissioners' court to represent the county; hence, these assignments are overruled.

■ In our opinion the plaintiff's petition was sufficient against the general demurrer and the so-called special exceptions urged thereto by appellant, and its assignments challenging the action of the court in overruling said demurrers are not tenable.

The appellant urges as error the action of the trial court in rendering judgment against it for the $517.50, because the plaintiff sought to recover money it had paid out on a valid contract which had been executed, as the defendant had performed and the plaintiff had accepted the services contemplated; but, if illegal, plaintiff was estopped to assert such illegality.

The record discloses that the defendant had no contract with the commissioners' court, unless the approval and payment of defendant's claim constituted a valid contract by implication.

■ "County commissioners' courts have no power or authority, except such as is conferred upon them by the Constitution or statutes of the state." Baldwin v. Travis County, 40 Tex. Civ. App. 149, 88 S. W. 480, 484. Also Commissioners' Court of Madison County et al. v. Wallace et al., 118 Tex. 279, 15 S.W.(2d) 535.

The rule is apparently settled in Texas that if a county receives the benefit of a contract which it had the power to make but which was not legally entered into, it may be compelled to pay for what it has received, because in such cases the law implies a contract. Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841; West Audit Co. v. Yoakum County (Tex. Com. App.) 35 S.W.(2d) 404.

■ However, "the county may not be held liable upon an implied contract or quantum meruit unless the commissioners' court was authorized to make the contract sought to be implied; nor is the county estopped to set up as a defense the want of authority in making the contract. The other party to the agreement is not in the situation of one who has acted innocently or without knowledge of the circumstances. One who deals with the county is charged with notice of the regulations; and a custom which ignores the law cannot be invoked for the purpose of validating a transaction which is otherwise invalid." 11 Tex. Jur. pp. 639, 640.

Article 7342, R. C. S. 1925, relating to suits for delinquent taxes against unknown and nonresident owners, among other things provides, in effect, that such owners may be given notice in a suit for the collection of delinquent taxes by publishing the citation in some newspaper published in the county once a week for three consecutive weeks, and that for each insertion of the citation, the newspaper may be paid a maximum fee of 2½ cents per line of seven words, and that such fee may be taxed for publishing such citation.

This statute gives the county no authority to pay a newspaper the fees for the publication of the citation in tax suits citing unknown and nonresident owners, but provides that such fees may be taxed (evidently as costs in the suit); and the commissioners' court is given no authority to pay for the publication of such citations out of funds of the county derived from any other source. Baldwin v. Travis County, supra, writ denied.

These authorities are conclusive against appellant's contention that the approval of its claim by the auditor, the allowance thereof by the commissioners' court, and the payment thereof by the county were legal, or, if not, were such as to constitute an estoppel.

The record discloses that the defendant published sixty-nine citations at the price of $7.50 for each citation, but that all of such citations as furnished and published were defective. That no judgments were taken in the cases out of which such citations were issued, and that neither the county nor the state realized any money or collected any taxes directly or indirectly by reason of plaintiff's alleged services in publishing such citations. That the defendant was advised, before the warrant issued on its claim was paid, that the plaintiff was not liable thereon.

Although the payment to the defendant was made by the county voluntarily, such payment was without lawful authority, and the action of the auditor, the commissioners' court, and the county in said transaction was illegal and void and the amount paid to and received by the defendant is recoverable in this action. Cameron County v. Fox (Tex. Com. App.) 2 S.W.(2d) 433.

What has been said is sufficient to dispose of appellant's assignments adversely to its contention.

The judgment is affirmed.