

# THE ATTORNEY GENERAL

## OF TEXAS

**Gerald C. Mann**

~~XXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. B. T. Walters
County Auditor
Smith County
Tyler, Texas

Opinion No. O-2928
Re: Commissioners' court not author-
ized to expend county funds for decor-
ating court house lawn during Christmas
season.

Dear Sir:

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Please advise also if the Commissioner's
Court may legally expend county funds to match
or augment funds raised by the local Chamber of
Commerce or the retail merchants of Tyler to
provide light fixtures necessary to decorate the
Court House lawn during the Christmas season."

We are unable to find any constitutional or statu-
tory authority for the expenditure of county funds by the com-
missioners' courts for the purpose above described.

We quote from 11 Texas Jurisprudence, pages 563-4-5,
as follows:

"Counties, being component parts of the
state, have no powers or duties except those
which are clearly set forth and defined in the
Constitution and statutes. The statutes have
clearly defined the powers, prescribed the duties,
and imposed the liabilities of the commissioners'
courts, the medium through which the different
counties act, and from those statutes must come
all the authority vested in the counties....

"....Commissioners' courts are courts of lim-
ited jurisdiction, in that their authority extends
only to matters pertaining to the general welfare
of their counties and that their powers are only
those expressly or impliedly conferred upon them
by law, that is, by the Constitution and statutes
of the state...."

Hon. B. T. Walters, page 2

The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred by the Constitution and statutes of this state. There are abundant authorities to this effect. We cite the following:

Article 5, Section 18, Texas Constitution;
Article 2351, Revised Civil Statutes of Texas;
11 Texas Jurisprudence, pages 563-566;
Bland v. Orr, 39 S.W. (2d) 558;
Nunn-Warren Publishing Co. vs. Hutchinson County, 45 S.W. (2d) 651;
Hogg v. Campbell, 48 S.W. (2d) 515;
Landman v. State, 97 S.W. (2d) 264;
El Paso County v. Elam, 106 S.W. 393;
Howard v. Henderson County, 116 S.W. (2d) 791;
Dobson v. Marshall, 118 S.W. (2d) 621;
Mills County v. Lampasas County, 40 S.W. 404.

We enclose herewith copies of opinions Nos. O-1001, and O-2629 of this department, which deal with the lack of authority of the Commissioners' Court to expend county funds for purposes not clearly authorized by the Constitution or statutes.

You are therefore respectfully advised that it is the opinion of this department that your question should be answered in the negative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS
By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant

APPROVED DEC 10, 1940
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, Chairman

WJF:AW:wb