## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:                    Attention:  Mr. Archie S. Brown, Jr.

Opinion O-2660
Re:  Authority of the commissioners
court to donate to the Federal
Government land acquired under
the provisions of Article 1269h,
Revised Civil Statutes, as an
airport.

Your letter requesting the opinion of this department on the question hereinafter stated has been received.

Your question is as follows:

"Under the provisions of Article 1269h of the Revised Civil Statutes of Texas of 1925, as amended, it is provided that any county may acquire by gift, condemnation or purchase land for use as an airport of any such county, could such land so acquired by Bexar County be at a subsequent date conveyed by deed or lease to the Federal Government or any Agency or instrumentality thereof, without compensation or remuneration being paid to Bexar County therefor?"

The article to which you refer (Article 1269h, R. C. S., 1925) does not give the commissioners court such authority, either expressly or impliedly, and the Texas appellate courts have consistently adhered to the principle that the commissioners court can exercise only such authority as is conferred upon them by the Constitution and the statutes of this State.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST...

Honorable John R. Shook, page 2

> Bland v. Orr, 39 S. W. 558;
> Mills County v. Lampasas County,
>     40 S. W. 404;
> Nunn-Warren Publishing Company v.
>     Hutchison County, 45 S.W. (2d) 651;
> Hogg v. Campbell, 48 S.W. (2d) 515;
> Landman v. State, 97 S.W. (2d) 264;
> El Paso County v. Elam, 106 S.W. (2d)
>     393;
> Howard v. Henderson County, 116 S.W.
>     (2d) 791;
> Dodson v. Marshall, 118 S.W. (2d) 621.

Counties obtain the power and authority to dispose of their real estate by the provisions of Article 1577, Revised Civil Statutes of 1925, which reads as follows:

> "Article 1577. The commissioners court may, by an order to be entered on its minutes, appoint a commissioner to sell and dispose of any real estate of a county at public auction. The deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and approved and recorded shall be sufficient to convey to the purchasers all the right, title and interest and estate which the county may have in and to the premises to be conveyed. Nothing contained in this article shall authorize any commissioners court to dispose of any lands given, donated, or granted to such county for the purpose of education in any other manner than shall be directed by law."

The construction generally placed upon this statute was laid down by Chief Justice Roberts in an early Texas case as follows:

> "The general doctrine is, that as the county court is the agent of the county, in its corporate capacity, it must conform to the mode prescribed for its action in the exercise of the powers confided to it. The prescribing of a mode of exercising a power by such subordinate agencies of the Government has often been held to be a restriction to that mode." Ferguson v. Halsell, 47 Tex. 421, (1877).

In the case from which we have quoted, the Supreme Court set aside a deed by which the commissioners court attempted to transfer title to some of the county's real estate in satisfaction of a claim against the county.

Shortly after the above case was decided, Justice Stayton in Wooters v. Hall, 61 Tex. 15, (1884) reaffirmed this construction and held that county land could be sold only in the manner provided by statute, and could not be given away.

Thereafter the Court of Civil Appeals in two cases declared that the county commissioners court has no authority whatsoever to donate any of the county's real estate to any person for any purpose. Llano County v. Knowles, et al., 29 S. W. 549 and Llano County v. Johnson, et al., 29 S. W. 56.

The following language was used by the court in both these cases:

> "The commissioners' court of the county occupy towards its property a trust relation, and they can only dispose of its property in the manner required by law, and for purposes that are in keeping with the trust they represent. They have no right to donate the county property, or dispose of it so as to virtually amount to a donation. It is a trust estate, and the principles of equity will not permit them to be liberal and generous with property they do not own, and which they hold in trust for public purposes."

A recent case by the Commission of Appeals shows a continued adherence to this principle. See Dreeben v. Whitehurst, (Comm. App., Section A, 1934) 68 S. W. (2d) 1025.

This department has uniformly placed the same construction upon this statute that has been placed upon it by the courts. We enclose a copy of Opinion No. O-1779, in which the power of the commissioners court to donate county real estate is considered, and in which this department held that a county may dispose of its land only in the manner prescribed by statute.

The Forty-sixth Legislature deviated slightly from the requirement that county lands be sold only at public auction. By Article 5248c, Revised Civil Statutes, enacted as House Bill

No. 922, Acts of 1939, counties are authorized to sell excess real estate to the Federal Government at a private sale, for a fair consideration. An outright donation can hardly be considered a compliance with the requirement that a fair consideration be paid and we know of no statute or constitutional provision which permits a county to waive payment of a fair consideration for county owned real estate under any circumstances.

Any other method of disposing of such land by the commissioners court without consideration would be subject to the same limitations, and would likewise be beyond the powers of the commissioners court.

You are, therefore, respectfully advised that it is the opinion of this department that your question should be answered in the negative, and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Peter Maniscalco

Peter Maniscalco
Assistant

PM:db

APPROVED SEP 30, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN