

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by _in part_ _0-2209_

Honorable Alfred E. Creigh, Jr.
County Attorney
Terrell County
Sanderson, Texas

Dear Sir:

Opinion No. 0-2498
Re: Commissioners' courts - Wolf
trappers - Donations to Red Cross -
County Budget.

Your request for opinion upon the following questions:

"1. After having adopted and approved its budget is it within the authority of the Commissioners' Court to appropriate monies from the General Fund for the proposed payment of a trapper's monthly wages in a precinct of Terrell County?

"2. After the adoption and approval and filing of the budget is it within the authority of the Commissioners' Court to make charitable appropriations from the General Funds or any funds of the County toward the maintenance of the local Red Cross chapter?

"3. After the approval, adoption and filing of the budget is it within the authority of the Commissioners' Court to appropriate County funds for the payment of a salary for the County Agent where the budget made no provision for the employment of such Agent or expenses for such purpose?"

has been received and carefully considered by this department.

We have been unable to find any constitutional or statutory authority whereby the commissioners' court of your

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

0-2498

county may employ a Wolf Trapper and pay him a salary out of county funds.

The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred by the Constitution and Statutes of this State. There are abundant authorities to this effect. We cite the following:

> Article 5, Section 18, Texas Constitution;
> Article 2351, Revised Civil Statutes of Texas;
> Texas Jurisprudence, Vol. 11, pages 563-566;
> Bland vs. Orr, 39 S.W. 558;
> Nunn-Warren Publishing Company vs. Hutchison County, 45 S.W. 2d 651;
> Hogg vs. Campbell, 48 S.W. 2d 515;
> Landman vs. State,97 S.W. 2d 264;
> El Paso County vs. Elam, 106 S.W. 2d 393;
> Howard vs. Henderson County, 116 S.W. 2d 2791;
> Dobson vs. Marshall, 118 S.W. 2d 621;
> Mills County vs. Lampasas County, 40 S.W. 404.

This department has repeatedly ruled to the same effect. For example, Opinion No. 0-591 of this department held that the commissioners' court of Galveston County, Texas was without authority to expend county funds for the employment of life guards for Galveston Beach; Opinion No. 0-1085 of this department held that the commissioners' court of Marion County, Texas was without authority to pay the salary of a game warden; and Opinion No. 0-1299 of this department held that the commissioners' court of Bexar County, Texas was without authority to expend county funds for fire protection from the City of San Antonio for outside the city of San Antonio and in the county.

Opinion No. 0-1242 of this department holds that the commissioners' court of Hopkins County, Texas may not pay a bounty for the destruction of wolves, coyotes or pocket gophers but that it may purchase with county funds poison for the destruction of predatory animals under authority of Article 190, Revised Civil Statutes. We enclose herewith a copy of said opinion.

Honorable Alfred E. Creigh, Jr., Page 3


        In answer to your first question you are respect-
fully advised that it is the opinion of this department that
the commissioners' court of your county has no authority to
employ a Wolf Trapper and pay him a salary out of county
funds, regardless of whether or not same was placed in the
budget.

        Opinion No. O-1001 of this department holds that
the commissioners' court does not have authority to donate
county funds to the American Red Cross and other charitable
organizations. We enclose herewith a copy of said opinion.

        In answer to your second question you are respect-
fully advised that it is the opinion of this department that
the commissioners' court of your county does not have author-
ity to donate county funds to the American Red Cross, regard-
less of whether or not same was placed in the budget.

        Article 164, Vernon's Texas Annotated Civil Statutes
reads as follows:

        "The Commissioners' Court of any county of
    this state is authorized to establish and conduct
    co-operative demonstration work in Agriculture
    and Home Economics in co-operation with the Agri-
    cultural and Mechanical College of Texas, upon
    such terms and conditions as may be agreed upon by
    the Commissioners' Court and the Agents of the
    Agricultural and Mechanical College of Texas; and
    may employ such means, and may appropriate and ex-
    pend such sums of money as may be necessary to ef-
    fectively establish and carry on such demonstration
    work in Agriculture and Home Economics in their
    respective counties."

        The above quoted statute authorizes the county com-
missioners' court to establish and conduct co-operative demon-
stration work in agriculture in co-operation with the Agricul-
tural and Mechanical College of Texas, upon such terms and
conditions as may be agreed upon by the commissioners' court
and the Agents of the Agricultural and Mechanical College of
Texas. Agricultural agents are employed by the counties under
said statute.

Honorable Alfred E. Greigh, Jr., Page 4


We quote from Article 689a-11, Vernon's Texas Anno-
tated Civil Statutes as follows:

> "....When the budget has been finally ap-
> proved by the commissioners' court, the budget,
> as approved by the court shall be filed with the
> clerk of the county court, and taxes levied only
> in accordance therewith, and no expenditure of
> the funds of the county shall thereafter be made
> except in strict compliance with the budget as
> adopted by the court. Except that emergency
> expenditures, in case of grave public necessity, to
> meet unusual and unforeseen conditions which could
> not, by reasonably diligent thought and attention,
> have been included in the original budget, may
> from time to time be authorized by the court as
> amendments to the original budget...."

As to what constitutes "grave public necessity" as
that term is used in Article 689a-11, supra, depends upon
the facts in each case and is a question primarily to be
passed on by the commissioners' court. See opinion No. O-
1053 of this department.

Opinion No. O-1022 of this department holds that
the commissioners' court may legally employ a county home
demonstration agent (under the provision of Article 164, V.
T.A.C.S.) and pay her a salary for the remaining five months
of 1939, even though no provision was made for the employment
of such agent, nor were any funds set aside for the purpose
in the county budget for the year 1939, if the same was a case
of "grave public necessity", to meet unusual and unforeseen
conditions which could not, by reasonably diligent thought and
attention have been included in the original budget," and that
the determination of this fact issue was for the commissioners'
court. We enclose herewith a copy of said opinion.

The answer to your third question will depend upon
whether or not same is a case of "grave public necessity, to

meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention have been included in the original budget." It is the province of the commissioners' court to determine this fact question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:AW

Glenn R. Lewis

Acting ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN