## GREGG COUNTY v. CLIFFORD.

### No. 5868.

Court of Civil Appeals of Texas.
Texarkana.

Dec. 5, 1941.

Rehearing Denied Dec. 18, 1941.

Fred Erisman and William Hurwitz, both of Longview, for appellant.

Perry R. Meredith, of Longview, for appellee.

WILLIAMS, Justice.

In this suit, filed May 5, 1940, against Gregg County by James E. Clifford, the owner and publisher of the Longview Ledger, a weekly newspaper, he alleged that pursuant to an oral contract entered into on November 7, 1936, between him and the district attorney of Gregg County, the former published in above newspaper citations for unknown and non-resident owners of real estate in 217 delinquent tax suits filed by the district attorney for said county, for which he was to be paid at the rate of 2½¢ a line. He alleged that such suits had been filed and the citations had been published under the provisions of Article 7342, R.C.S. of 1925, and his compliance with all statutory requirements and fulfillment of the terms of the alleged oral agreement with the district attorney, the presentation of his account for services performed to the Commissioners' Court of Gregg County for payment, and the latter's refusal to ratify said contract or to pay such account. He sought judgment for $2,126.24 under the contract, and in the alternative, the fair and reasonable compensation for the alleged services performed which he pleaded to be of the same value. In the trial of the case he was awarded judgment for $1,987.75.

The trial court's action in refusing to sustain defendant's pleas of res adjudicata is assigned as error. In a suit, No. 11826-B, filed in the District Court of Gregg County in 1939 by James E. Clifford, the same plaintiff as here, against Gregg County, the same defendant as here, the former pleaded the identical oral contract as here alleged and sought recovery upon such alleged contract at the rate of 2½¢ per line, in the total amount of $2,554.11, for publishing said citations in 217 delinquent tax suits filed by the district attorney in behalf of Gregg County, and, in the alternative, prayed for judgment in this same amount upon a quantum meruit basis. In the instant suit, he seeks recovery upon the same contract, at the same rate of pay, only in a lesser aggregate sum, for publishing the same 217 citations, and in the alternative asks for judgment upon a quantum meruit basis. His allegations in the former suit are in all material respects the same as here. The trial in the former suit resulted in judgment for plaintiff for $427.27 from which there was no appeal. That judgment has since become final and has been paid in full.

Appellee, in his brief, admits that the "contract sued upon is invalid because of irregularity," and seeks recovery upon a quantum meruit basis only. In the instant suit, plaintiff allged that since the rendition of the former judgment, executions, evidently meaning orders of sale, had been issued on the delinquent tax judgments and "that the returns made thereon show nullo bono and no property found to levy upon." Under such allegations, it is apparent that plaintiff in the instant suit did not seek to recover for publication fees taxed and collected by the tax authorities of Gregg County. Further, the evidence does not disclose that any tax judgments had been collected since the former judgment. Assuming, but not affirming (Baldwin v. Travis County, 40 Tex.Civ.App. 149, 88 S. W. 480; Nunn-Warren Pub. Co. v. Hutchinson County, Tex.Civ.App., 45 S.W.2d 651), that a recovery upon the latter basis is tenable under the pleadings and the facts in this record, that issue was pleaded and heard by the court in the former trial and there concluded against plaintiff when the court by its former judgment limited his recovery to the publication charges which had been taxed as costs and collected in the respective suits that had been disposed of. This assignment of error is sustained. 26 T.J. pp. 12, 13, and authorities there collated.

The conclusion reached eliminates the necessity of discussing the other assignments of error.

In sustaining the plea of res adjudicata, it is not intended to preclude plaintiff from maintaining a suit or suits in the proper courts against the proper county authorities or official to recover for his publication fees in any of such suits where such fee has been taxed as costs and collected since the rendition of the instant judgment.

The judgment is reversed and the cause remanded.