

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

~~HONXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Will H. Radford
County Attorney
Karnes County
Karnes City, Texas

Dear Sir:

Opinion No. 0-6718
Re: May the funds in the
permanent improvement
fund be used to pur-
chase the bonds in
question?

Your letter of a recent date requesting an opinion from this department is as follows:

"The Karnes County Commissioners Court wish to sell part of a bond issue of Road District No. 4 of this county, and would like to know if funds in the permanent improvement fund of this county may be used to purchase these bonds.

" . . . ."

Article 1269j-3, V. A. C. S., is as follows:

"All political subdivisions of the State of Texas which have balances remaining in their accounts at the end of any fiscal year may invest such balances in Defense Bonds or other obligations of the United States of America; provided, however, that when such funds are needed the obligations of the United States in which such balances are invested shall be sold or redeemed and the proceeds of said obligations shall be deposited in the accounts from which they were originally drawn."

Article 836, V. A. C. S., is as follows:

"The legally authorized governing body of any county, city or town, or the trustees of any school district or school community, may invest their respective sinking funds for the redemption and payment of the outstanding bonds of such county, city or town, or community, in bonds of the United States, war-savings certificates, and certificates of indebtedness issued by the Secretary of the Treasury of the United States, and in bonds of Texas, or any county of this State, or of any incorporated city or town. No such bonds shall be purchased which, according to their terms, mature at a date subsequent to the time of maturity of the bonds for the payment of which such sinking fund was created."

Article 837, V. A. C. S., reads as follows:

"In the event a governing body is unable to purchase securities of the character mentioned in the preceding article, which mature at a date prior to the time of maturity of the bonds for the payment of which such sinking fund was created, then they may invest such funds in the bonds of any school district or school community authorized to issue bonds, under the same restrictions as provided in the preceding article."

Articles 836 and 837, supra, exclude from their terms all character of bonds not mentioned therein and "road district bonds" are not included in the term "bonds of any county". They are bonds of a particular road district.

It is very clear that the above quoted statutes do not authorize the Commissioners' Court to invest the permanent improvement funds of a county in the bonds of a road district in said county, and we are unable to find any statute or constitutional provision that would authorize the governing body of Karnes County to make such an investment.

The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred upon them by the

Honorable Will H. Radford, page 3 (0-6718)

Constitution and statutes of this State, either by express terms or by implication. There are many authorities to this effect, and we cite the following:

> Article 5, Section 18, Texas Constitution;
> Article 2351, Revised Civil Statutes of Texas;
> Texas Jurisprudence, Vol. 11, pages 563-566;
> Bland vs. Orr, 39 S. W. 558;
> Nunn-Warren Publishing Company vs. Hutchison County, 45 S. W. (2d) 651;
> Hogg v. Campbell, 48 S. W. (2d) 515;
> Landman v. State, 97 S. W. (2d) 264;
> El Paso County v. Elam, 106 S. W. (2d) 2791;
> Dobson v. Marshall, 118 S. W. (2d) 621;
> Mills County v. Lampasas County, 40 S. W. 404.

In view of the foregoing, it is our opinion that your question should be answered in the negative, and it is so answered.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ J. C. Davis, Jr.
    J. C. Davis, Jr.
    Assistant

JCD:LJ:LM

APPROVED JUL 26, 1945

/s/ Carlos Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

BY  BWB
CHAIRMAN