# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS



April 30, 1952

Hon. Sam W. Davis
District Attorney
Houston 2, Texas

Dear Mr. Davis:

Opinion No. V-1453

Re: Liability of the State and
county for publication
charges in tax foreclosure
suits when the property is
purchased by one of the
taxing units.

You request the opinion of this office upon the matter
presented in your written opinion to Hon. H. L. Washburn, County
Auditor of Harris County, which you submit with your request.
You present the following question:

Is the State or county or both liable to the pub-
lisher for the charges made for the publication of
citations in delinquent tax suits filed by the State and
county and for the publication of notices of sale: (1)
if incurred prior to the effective date of S.B. 431;
(2) if incurred subsequent to the effective date of
said bill?

You correctly state in your opinion to the County Auditor
that prior to the enactment of Senate Bill 431, Acts 52nd Leg., R.
S. 1951, ch. 334, p. 576, amending Article 7333, V.C.S., there was
no law that made the State or county liable for publication costs
in delinquent tax suits. Baldwin v. Travis County, 88 S.W. 480
(Tex.Civ.App. 1905); Nunn-Warren Publishing Co. v. Hutchinson
County, 45 S.W.2d 651 (Tex. Civ. App. 1932, error ref.); Gregg Coun-
ty v. Clifford, 156 S.W.2d 1006 (Tex. Civ. App. 1941); Tex. Rules Civ.
Proc. Rule 117a, Subdivision 3. Section 9 of Article 7345b, V.C.S.,
expressly provided that where a taxing unit bought in the property,
the costs and expenses should not be payable "until sale by such
taxing unit so purchasing same." Section 12-a of Article 7345b
provided that where property was redeemed for a purchasing tax-
int unit, the redemption money should be distributed and applied in
the same manner as provided in Section 9 for the application and
distribution of the proceeds upon resale of the land.

As amended by Senate Bill 431, Article 7333 now reads:

"In each case such fees shall be taxed as costs
against the lands to be sold under judgment for taxes,
and paid out of the proceeds of sale of same after the

taxes, penalty and interest due therein are paid, and in no case shall the State or county be liable therefor except that where the State or other taxing unit is the successful bidder at the tax sale, all charges due newspapers for the publishing of citations and notices of sheriff's sale shall be paid by the county and State and other taxing units in proportion to the taxes adjudicated to each." (Emphasis added.)

In the emergency clause to this bill the Legislature recognized that there was no prior law that authorized a taxing unit in a delinquent tax suit to assume and pay publication charges, but that such charges must be paid from the sale or redemption of the land. The emergency clause reads in part as follows:

"The fact that existing statutes do not provide for the payment of such charges . . ."

This statute is limited by its express terms to cases where one of the taxing units becomes the purchaser at the tax sale and has no application to tax sales where an individual is the purchaser at the first sale. In other words, the law remains unchanged where an individual is the purchaser at the tax sale. In such a case the publisher must collect his publication charges as a part of the costs of the proceeds from the sale of the land or its redemption.

It is our opinion that Senate Bill 431 has no retroactive effect and speaks only prospectively and not retrospectively. State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707 (1943). As to publication costs incurred prior to September 7, 1951, the effective date of Senate Bill 431, the purchaser must still await a second sale by the State or county or other purchasing taxing unit, or until there is a redemption within the statutory time.

We pass next to the second part of your question, that is, the liability of the State and county for publication costs in delinquent tax suits accruing subsequent to the effective date of Senate Bill 431. Senate Bill 431 was passed to ameliorate the hardship that might sometimes result from the long delay in the collection of publication costs where one of the taxing units became the purchaser at the first sale. By the express terms of this bill, this liability arises against the taxing units upon a pro rata basis in proportion to the taxes adjudged to each immediately upon purchase by one of the taxing units. While Senate Bill 431 constitutes pre-existing law for the payment of this cost against the State, there is presently no appropriation or other source from which the State's part of such cost could be paid. The publisher will therefore be required to wait until the Legislature provides the means by which the State's part of these costs can be paid before

he can obtain payment from the State. However, the county and other taxing units may pay their pro rata share of such costs incurred subsequent to the effective date of Senate Bill 431 by appropriate proceedings applicable to the payment of claims by such taxing units. A claim for these costs against the county does not necessarily rest upon a contract between the commissioners' court and the publisher, but upon a liability arising from the express terms of Senate Bill 431. In other words, it may be paid by the county in the same manner as any other legal claim arising under statutory liability. We do not know whether there is any provision in the current budget of Harris County to pay court costs, but if so, such costs could be paid out of this fund. If no such fund is provided for in the budget, we think the budget might be amended to take care of it under the ruling of Attorney General's Opinion V-857.

## SUMMARY

Neither the State nor the county is liable for costs incurred for publishing citations and notices of sale in delinquent tax suits prior to September 7, 1951, the effective date of S.B. 431, Acts 52nd Leg., R.S. 1951, ch. 334, p. 576, amending Art. 7333, V.C.S. Such costs can be collected only from the proceeds realized from the sale of the property by the purchasing taxing unit or from the proceeds realized from a redemption of the property.

The State and county are liable for publication costs incurred in delinquent tax suits subsequent to the effective date of S.B. 431 where the State, county, or other taxing unit becomes the purchaser of the property at the first sale. The State's pro rata share of such costs cannot be paid until the Legislature makes an appropriation or provides some other means for payment, but the county may pay such claims in the same manner in which it may pay any other legal claim properly presented.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

By     L. P. Lollar
     Assistant

LPL:meh