HENRY MILLER V. MRS. ADDIE GRAY ET AL.

No. 7335. Delivered March 26, 1941.
(149 S. W., 2d Series, 582.)

*Critz & Woodward,* of Colman, for plaintiff in error.

The contract between plaintiff and defendant's husband to the effect that it should terminate on a certain given date being unambiguous, it was error to submit to the jury the question of what was in the minds of the parties when they made the contract. It was also error to give an instruction in regard to the custom of the neighborhood as to time allowed for the gathering of crops, as a contract cannot be varied by custom. San Antonio Machine & Supply Co. v. Allen, 284 S. W. 542; Maddox Motor Co. v. Ford Motor Co., 23 S. W. (2d) 333; Miller v. Lewis, 277 S. W. 796.

*W. H. Adkins* and *Sam McCollum,* both of Brady, and *E. M. Davis,* of Brownwood, for defendant in error.

The tenant of defendant, notwithstanding the expiration of his contract, was entitled to proceed to gather his crop, provided he acted promptly and was entitled to gather same without any interference from the defendant, Miller, and defendant

having interferred with these rights was liable in damages. Holder v. Swift, 147 S. W. 690; Orient Mut. Ins. Co. v. Reymershoffer, 56 Texas 234; 8 R. C. L. 362; 36 C. J. 104.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Henry Miller leased a ranch, of approximately 3000 acres, in McCulloch County, to B. C. Gray, for a period of one year, beginning October 16, 1934. The contract was in writing, and provided in part as follows: "* * * said Gray is to have a lease on said Miller farm and ranch up to Oct. 16, 1935. Said Gray is to deliver possession of said land and premises to said Miller on Oct. 16, 1935, in as good condition as when received by him, ordinary wear and tear excepted, * * *." Gray planted 156 acres of the land in cotton, and 135 acres in maize and hegari. The remainder was in pasture land. On account of the unusually wet season, Gray was unable to gather all of his crop prior to the expiration of the lease. After the expiration of the lease, Miller took possession of the ranch; turned his stock into the fields, and otherwise interrupted the gathering of the crop. After Gray's death his widow sued Miller for damages for destruction of the crop. The jury found that it was contemplated between Miller and Gray, at the time they entered into the contract, that Gray would cultivate the farm land, and would have the right to gather the 1935 crop grown thereon, even though all of such crop could not reasonably be gathered by the termination of said lease on October 16, 1935. It was further found that Gray used reasonable diligence to gather the crop prior to the termination of the lease, but was unable to do so, and that he was damaged in the sum of $355.00 by the conduct of Miller in turning his stock into the fields and in interfering with the gathering of the crop. Based upon the verdict, the trial court rendered judgment for the plaintiff for the sum of $355.00. The Court of Civil Appeals affirmed the judgment. 108 S. W. (2d) 265.

■ The Court of Civil Appeals sustained Gray's right to gather the crop after the termination of his lease under the common law doctrine of emblements, which doctrine permits a tenant under certain circumstances to enter upon the leased premises to cultivate, harvest, and remove his crops therefrom after the termination of the lease. We are of the opinion, however, that the doctrine of emblements has no application in this case, because the lease here under consideration was not one of uncertain duration. The doctrine of emblements is a humanitarian

one, growing out of the necessities of the case and is intended to be applied in those cases where the lease is of uncertain duration, and manifest hardships, which could not be foreseen and provided against, would result from the unexpected termination of the lease but for the application of such doctrine. It has no application where the lease is definite as to the date of its termination. The doctrine was announced in Dinwiddie v. Jordan, 228, S. W. 126, 127, as follows:

"The doctrine of emblements is the common-law right of tenant, whose lease of uncertain duration has been terminated without his fault and without previous knowledge upon his part, to enter upon the leased premises to cultivate, harvest, and remove the crops planted by him before the termination of the lease. Says the Supreme Court of Indiana:

" 'In order to entitle one claiming to be a tenant, or his legal representative, to emblements, the following facts must appear: (1) The existence of a tenancy of uncertain duration. (2) A termination of the tenancy by the act of God or by the act of the lessor. (3) That the crop was planted by the tenant, or some one claiming under him, during his right of occupancy.' Miller v. Wohlford et al., 119 Ind. 305, 21 N. E. 894."

Tiffany on Landlord and Tenant (1910), p. 1631, sec. 251, announces the doctrine as follows:

"It is a general rule that if one's estate in land comes to an end at a time which he could not have previously ascertained, without his fault and without any action on his part to bring about such result, he is entitled to take the annual crops planted by him before the termination of the estate. This right is ordinarily referred to as the right or doctrine of 'emblements,' and is based upon the justice of assuring to the tenant compensation for his labor, and also upon the desirability of encouraging husbandry, as a matter of public policy."

See also 13 Tex. Jur. 17; 36 C. J. 105.

The lease in this case was of certain duration. The contract provided in no uncertain terms that the lease was to terminate and that the tenant was to surrender possession of the premises on October 16, 1935. Consequently the doctrine of emblements has no application.

In our opinion, the case of Crow v. Ball, 99 S. W. 583, cited by the Court of Civil Appeals, is not in point. In that case the landlord entered upon the premises and converted the crops to his own use prior to the date of the termination of the lease.

■ The Court of Civil Appeals also held that evidence was admissible for the purpose of showing that, under the usage and custom prevailing in the community, the tenant was allowed additional time after the termination of his lease contract in which to gather his crops where the seasons had been such that he could not, with reasonable diligence, have gathered them prior to the termination of the contract. We call attention, however, to the fact that evidence of custom is admissible only to explain an ambiguous contract or to add to it an element not in contravention of its terms; but such evidence is never admissible to contradict the plain unambiguous covenants and agreements expressed in the contract itself. 17 C. J. 508; 10 Tex. Jur. 295; Alexander v. Heidenheimer, 221 S. W. 942; Malone v. Dawson, 5 S. W. '2d) 965. As heretofore stated, the contract in this instance was plain and unambigous. It expressly provided that the lease should terminate and that the tenant should surrender possession of the premises on October 16, 1935. Since the parties had expressly provided when the contract should terminate and possession of the premises be surrendered, evidence of the prevailing custom in the community to the effect that the tenant should have the right to re-enter the premises and gather the crops after the termination of the lease was inadmissible. The jury finding that the parties contemplated at the time they entered into the contract that Gray would have the right to gather the remainder of his crop after the termination of his lease, was based entirely on their understanding of the prevailing custom in the community. There was no evidence whatever that the parties had any other understanding than that embodied in the written agreement.

The Court of Civil Appeals cites the case of Bowles v. Driver, 122 S. W. 440, in support of its holding on the issue of proof of local custom. In that case it was held that the trial court did not err in receiving proof of a local custom in permitting a tenant to gather the remnant of a cotton crop after January 1. There the tenant leased the land for part of the crop which he was to produce and gather from the land. If there was no express agreement as to when his lease would terminate, then the holding of that court can be sustained on the theory that the contract contemplated that the tenant should produce and gather a crop, and under the local custom the tenant could be allowed a reasonable time, under suitable weather conditions, after maturity of the crops in which to gather same. The decision cannot be sustained if there was an express agreement as to when the lease was to end, for this

would be permitting the variance of an express agreement by local custom.

Since, under the express provisions of the contract here under consideration, the defendant was entitled to possession of the premises on and after October 16, 1935, he was not liable in damages for turning his stock into the fields after the date in question in the exercise of his right of possession of the land.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and judgment is here rendered that plaintiff take nothing.

Opinion delivered March 26, 1941.