## CITY OF HOUSTON v. A. C. FINN.

No. 7868. Decided April 15, 1942.
Rehearing overruled May 13, 1942.
(161 S. W., 2d Series, 776.)

*R. R. Lewis, Morris D. Meyer, Spurgeon E. Bell, Edd. R. Campbell,* and *Geo. D. Neal,* all of Houston, for plaintiff in error.

Plaintiff's cause of action, if any, was based upon an implied contract, and accrued at the time the alleged services were rendered, and therefore his action was barred by the two years statute of limitation. Austin, Banking Comr., v. Conner & McRae, 288 S. W. 552; City of Wink v. R. B. George Mach. Co., 73 S. W. (2d) 653; Nystel v. Gully, 257 S. W. 286.

*Kayser, Liddell, Benbow & Austin, Butler & Binion,* all of Houston, for defendant in error.

Plaintiff was entitled to a reasonable compensation for his services. Goodrich Rubber Co. v. Collinsville, 101 S. W. (2d) 583; City of San Antonio v. French, 80 Texas 575, 16 S. W. 440; Swink v. City of Dallas, 36 S. W. (2d) 222.

MR. JUSTICE CRITZ delivered the opinion of the Court.

A. C. Finn instituted this suit in a district court of Harris County, Texas, against the City of Houston, Texas, seeking to collect for an architectural fee alleged to be due him by the City in connection with an application made by the City to the Public Works Administration of the United States, hereinafter referred to as PWA, for a grant of money to assist the City in constructing and furnishing a new city hall. Generally speaking, Finn pleaded his cause of action in the district court on two theories, (a) on the theory that he had an express oral contract with the City, and (b) on the theory that he had an implied contract with the City to pay him the reasonable value of the services, plans, sketches, and specifications furnished by him to the City, and accepted by it, in making its application for the grant of money above mentioned. The case was tried in the district court, where it was submitted to a jury on special issues, on the theory of an implied contract. Based on the answers of the jury to such special issues, the court rendered

judgment for Finn for the sum of $18,180.00. This judgment was affirmed by the Galveston Court of Civil Appeals. 149 S. W. (2d) 1000. The City brings error.

The record in this case, viewed in the light of the jury's verdict, shows that the City desired to build a new city hall. The City decided to make application to the PWA for a grant of money to assist it in such undertaking. The mayor of the City, with the knowledge and approval of the city commission, orally employed Finn to prepare and furnish to the City certain preliminary plans, sketches, and specifications, to be used by the City in making its application to the PWA for the grant above mentioned. In conformity with such oral employment, Finn furnished to the City certain plans, sketches, and specifications, and same were used by the City in making its application to the PWA. The City's application met with success, and it received a grant in the sum of $818,180.00. This money, with other funds furnished by the City itself, was used in constructing the proposed city hall. Finn was not employed as an architect in the actual building of the city hall, and none of his plans, sketches, or specifications were used, except in making application for the PWA grant.

Finn testified that he prepared the preliminary plans, sketches, and specifications for the City's proposed new city hall, and that same were delivered to the City and attached to the PWA application on September 4, 1935. Finn further testified that in October, 1935, he went to Fort Worth, Texas, where he stayed one day, to inquire about the progress of the PWA application. Finn also testified that in March, 1936, he went to Washington, and while there spent an afternoon in the WPA office, inquiring about the progress of the City's application. According to Finn's own testimony, which is not contradicted in the record, the services performed in Washington were the last that were performed by him for the City of any kind. On October 1, 1937, the WPA made a written offer to the City to make it a grant of $818,180.00, to be used in constructing and equipping a new city hall. This offer was accepted by the City. This suit was filed on August 22, 1939, less than two years after the City received notice of the PWA grant to it, but more than two years after all services, plans, sketches, and specifications here involved had been furnished by Finn and accepted by the City.

1 ▪ By its pleadings the City asserted that Finn's alleged oral

contract was illegal and unenforcible, because made in violation of certain provisions of the City's charter. The City further pleaded that Finn's alleged implied contract was barred by the two years statute of limitation. It is conclusively shown that the alleged oral contract declared on in Finn's petition was made in violation of certain applicable provisions of the City's charter. The opinion of the Court of Civil Appeals demonstrates this. It follows that the alleged oral contract, as such, cannot be enforced in this action. City of San Antonio v. French, 80 Texas 575, 16 S. W. 440; Sluded v. City of San Antonio (Com. App.), 2 S. W. (2d) 841.

■ It is the settled law in this State, as established by the decisions of this Court, that where a municipality knowingly receives property or services on an agreement which it had power to enter into as a contract, but which was not legally entered into so as to make it binding as a contract, it will be compelled to pay the reasonable value of the property or services so received, as on an implied contract. In such instances it is not correct to say that the municipality is estopped to deny that the illegal agreement, as such, is a binding contract. The rule correctly stated is that in such instances the municipality is liable on an implied contract to pay the reasonable value of the property or services furnished to and accepted by it. In the instances under discussion the illegal agreement is not enforced as a contract. To the contrary, the illegal agreement as such is not enforced at all. The contract that is enforced is one that the law implies, because justice demands that a municipality shall not be permitted to receive and retain the benefits of an agreement without paying the reasonable value of such benefits. West Audit Co. v. Yoakum County (Com. App.), 35 S. W. (2d) 404; City of San Antonio v. French, supra; Sluder v. City of San Antonio, supra; Payne et al v. First Nat'l Bk. of Columbus, Ohio, (Com. App.), 291 S. W. 209.

It is the law, as applied to an implied contract resulting in a case where a municipality knowingly receives property or services on an agreement which it had power to enter into as a contract, but which in fact was not legally entered into so as to make it a binding contract, that the obligation on the part of the municipality to pay the reasonable value of such property or services accrues when the same are furnished and received.

Gould v. City of Paris, 68 Texas 511, 4 S. W. 650; Horne Zoological Arena Co. v. City of Dallas et al. (Civ. App.), 45 S. W. (2d) 714; City of Wink v. R. B. George Machinery Co. (Civ. App.), 73 S. W. (2d) 653. The rule as to when such implied contract accrues is a part of the very law of liability. "The law implies nothing as to payment at a future date." Gould v. City of Paris, supra.

■ The two years statute of limitation applies in this case, and limitation began to run when the City of Houston accepted the services, plans, sketches, and specifications furnished to it by Finn. Article 5526, R. C. S. 1925; Gould v. City of Paris, supra; Horne Zoological Arena Co. v. City of Dallas et al, supra; City of Wink v. R. B. George Machinery Co., supra.

The statement we have made shows that all the services, plans, sketches, and specifications furnished by Finn to the City of Houston were furnished and accepted more than two years before this suit was filed. It follows that all items made the basis of this suit were then barred by the two years statute of limitation.

The Court of Civil Appeals holds that Finn's cause of action against the City was not barred by the two years statute of limitation, because Finn proved, and secured a finding in the trial court, that there was a custom in force at the time involved that architects' fees, such as these, were not due until the PWA grant was actually made. We are unable to agree to this holding. If Finn has any cause of action in this case against the City, it is on an implied contract, the terms of which are defined by law. Finn's right to recover under such implied contract accrued when his services, plans, sketches, and specifications were furnished to and accepted by the City. Custom cannot change the terms of such contract. Miller v. Gray, 136 Texas 196, 149 S. W. (2d) 582.

The judgments of the Court of Civil Appeals and district court are both reversed, and judgment is here rendered that A. C. Finn take nothing against the City of Houston in this cause.

Opinion delivered April 15, 1942.

Rehearing overruled May 13, 1942.