**OCHILTREE COUNTY, Appellant,**

v.

**Wyatt C. HEDRICK, Appellee.**

No. 7222.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 21, 1963.

Rehearing Denied March 11, 1963.

Linn & Helms, Spearman, G. R. Close and Gene E. Steed, Perryton, for appellant.

Allen, Allen & Reavis, Perryton, for appellee.

CHAPMAN, Justice.

Wyatt C. Hedrick instituted this suit against Ochiltree County, a political subdivision of the State of Texas, to recover

for alleged architectural services in connection with a proposed county hospital. In Plaintiff's Original Petition he alleged the total cost of the contemplated hospital would have been at least $1,600,000, that his compensation was to be 6% of that amount and asked recovery of $96,000. He alleged in the alternative he was entitled to $22,500 for valuable services rendered and asked for $50,000 exemplary damages. In Plaintiff's First Amended Petition he alleged essentially the same, prayed again for $96,000 and in the alternative for $24,-000 for services rendered. In Plaintiff's Second Amended Petition, upon which he went to trial, he pleaded a cause of action upon a quantum meruit or implied contract type of proceeding and alleged $24,000 to be the reasonable value of services rendered.

Despite the fact that the record is void of any probative evidence showing the county accepted any of the services rendered or benefited any whatever therefrom, the case was submitted upon a question that simply inquired of the jury the reasonable value of the architectural services rendered. They answered $13,912.50 and the court rendered a judgment for that amount, together with 6% per annum interest from that date. It is from such judgment appeal is perfected to this court.

At the invitation of the county a number of architectural firms appeared before the commissioners' court on April 21, 1961. W. H. Myers, a public relations representative and associate of Mr. Hedrick, appeared for him. On behalf of Mr. Hedrick Mr. Myers offered to perform the work for a fee of 6% of the actual construction cost, which was not to exceed $1,600,000. It is uncontradicted that it was understood between Mr. Myers and the county that the hospital was to be constructed with money derived from bonds it was contemplated would in the future be voted by the qualified voters of Ochiltree County. Mr. Myers offered on behalf of Mr. Hedrick to prepare two preliminary plans and conduct a survey and it was agreed that if the bond issue

failed there would be no architectural fees due.

On April 25 thereafter Mr. Myers was notified by a letter from the county judge that the four commissioners of Ochiltree County had voted to retain his firm as architects for the proposed Ochiltree County Hospital. About nine days thereafter Mr. Myers, and W. E. Parrish, an architect from the firm, arrived in Perryton for the purpose of conducting a survey. On May 23 thereafter Mr. Myers appeared before the commissioners' court with some preliminary plans. Seven changes were suggested in those plans, but on May 24 thereafter the commissioners' court rescinded its previous motion in which it had retained Wyatt C. Hedrick. He then filed a claim for $68,000. He later asked to be reinstated. The county did not act on the claim and refused to reinstate him.

Suit was filed and the parties stipulated at a pre-trial hearing that the bond issue to finance the hospital construction submitted in August 1961 was rejected by the voters. Thus, the question to be decided is whether under this record Mr. Hedrick could recover under a quantum meruit or implied contrary theory for the amount assessed by the jury. The first issue submitted was as follows:

"What sum of money, if any, do you find from a preponderance of the evidence was the reasonable value, if any, of the architectural services rendered by plaintiff, if any, until the date plaintiff was notified by defendant that plaintiff was discharged?"

At the close of the testimony motion for instructed verdict was made which raised the question of the claim being based upon an alleged contract which was ultra vires the powers of the commissioners' court. The right of recovery was also questioned on the proposition that any payment for services was conditioned upon the hospital bond issue passing, which failed. Those questions were also before the court on an n. o. v. motion and the above quoted issue

was objected to on the grounds that any recovery for services were to be paid out of bond funds which never became available and there was no evidence and insufficient evidence to submit the issue for reasonable value of services for preliminary plans and specifications never accepted.

Article 11, Sec. 7 of the Constitution of Texas, Vernon's Ann.St. provides in part as follows:

"* * * *no debt for any purpose* shall ever be incurred in any manner *by any city or county* unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund." (Emphases added.)

The term "debt" as used in the above constitutional inhibition has been held to be any pecuniary obligation imposed by contract, except such as was, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year or out of some fund then within the immediate control of the county or city. McNeill v. City of Waco, 89 Tex. 83, 33 S.W. 322; Stevenson v. Blake, 131 Tex. 103, 113 S.W. 2d 525; Texas & New Orleans R. R. Co. v. Galveston County, 141 Tex. 34, 169 S.W.2d 713.

■ The record is without contradiction that at the date of the agreement by the Ochiltree County commissioners' court with Mr. Myers for architectural services such services were not to be satisfied out of the current revenues for the year or out of some fund then within the immediate control of the county. On the contrary they were to be paid out of bond money to be voted on in the future and no fees were to be due if the bond issue failed. Therefore, the county acting through its commissioners' court entered into a contract that was invalid under Article 11, Sec. 7 of the Constitution of Texas because it was ultra vires the powers of the commissioners'

court. This is true because a debt was sought to be incurred without provisions being made at the time for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund, as required by the constitution.

■ But as heretofore stated the suit finally sought to be prosecuted in this case was not upon the contract but was in the nature of quantum meruit, an implied contract by the county to pay for benefits it allegedly received. Here again we can find no relief for appellee. In the first place there is not any probative evidence that they received any benefit from the architectural services. On the contrary the only plans presented were rejected, were never used, Mr. Hedrick was discharged, and another arrangement made for use of plans upon which to base the bond issue. Secondly, there is a great amount of authority to the effect that there can be no recovery in quantum meruit or on an implied contract if the commissioners' court would not have the power and the authority to make the contract sought to be implied. Nunn-Warren Pub. Co. v. Hutchinson County, Tex.Civ.App., 45 S.W.2d 651 (writ refused); Pritchard & Abbott v. McKenna, Tex.Civ.App., 343 S.W.2d 752. In the Hutchinson County case our court held:

"* * * 'the county may not be held liable upon an implied contract or quantum meruit unless the commissioners' court was authorized to make the contract sought to be implied; nor is the county estopped to set up as a defense the want of authority in making the contract. The other party to the agreement is not in the situation of one who has acted innocently or without knowledge of the circumstances. One who deals with the county is charged with notice of the regulations; and a custom which ignores the law cannot be invoked for the purpose of validating a transaction which is otherwise invalid.' ".

The Hutchinson County case from which we have just quoted is a writ refused case announced since 1927 so we must give it the same authority as if it had been written and announced by the Supreme Court. 15 T.J.2d 600, Sec. 139; City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308, 312.

In the Pritchard case above cited the Houston Court of Civil Appeals quoted at length from both case law and textual authority to the same effect and cited among many other cases our Hutchinson County case. The Houston court in discussing this question said in part as follows:

"The law is well settled that where services are performed and materials furnished to a county under an invalid contract made by the Commissioners Court, there can be no recovery in quantum meruit or implied contract if the Commissioners Court did not have the power and authority to make such contract. See 14 Amer.Jur., p. 212, Counties, § 44, where it is stated:

" 'On the other hand, it is established by the weight of authority that a county cannot be held liable to pay for the benefits received under an express contract which was beyond the power of the county to make; a county cannot bind itself impliedly where it cannot bind itself expressly. Thus, the doctrine of implied liability cannot be invoked to render a county liable for the value of services performed in its behalf under a contract that was ultra vires from the standpoint of the county.' "

We are not unmindful of the fact that the Pritchard case was reversed in 162 Tex. 617, 350 S.W.2d 333 but upon other grounds. That court in doing so nowhere rejected the rules announced in Syl. 11 of the Court of Civil Appeals opinion upon the question here under discussion. To do so we believe it would have had to overrule authorities it had theretofore approved.

A quantum meruit action is one which proceeds independent of the contract to recover for value of work done, instead of upon the contract for the contract price. Childress v. Smith, 90 Tex. 610, 40 S.W. 389; Magee v. I. & G. N. Wood & Coal Co., Tex.Civ.App., 269 S.W.2d 498, 503 (N.R.E.). However, the contract sought to be implied was itself illegal because it sought to create a debt against Ochiltree County without a showing that within the lawful and reasonable contemplation of the parties it could be satisfied out of the current revenues of the year or out of some fund then within the immediate control of the county.

A quantum meruit action even in those cases holding that one may recover for services furnished to a county or city under a contract they had the valid right to enter into but which they entered into invalidly rest their holdings upon equity and justice; a fortiori, recovery then would certainly require equity and justice under an invalid implied contract.

We fail to find any equity favoring appellee in this case because it was understood from the beginning that if the bond issue failed there would be nothing due for architectural services.

Our Supreme Court in City of Houston v. Finn, 139 Tex. 111, 161 S.W.2d 776, 777, said:

"The rule correctly stated is that in such instances the municipality is liable on an implied contract to pay the reasonable value of the property or services *furnished to and accepted by it*. In the instances under discussion the illegal agreement is not enforced as a contract. To the contrary, the illegal agreement as such is not enforced at all. The contract that is enforced is one that the law implies, because justice demands that a municipality shall not be permitted to *receive and retain the benefits of an agreement without paying the reasonable value of such benefits.*" (Emphases added.)

Thus, even if it should be said, arguendo only, that Ochiltree County had the power to enter into the contract it had with Mr. Hedrick but which was not legally entered into so as to make it a binding contract, he still could not recover on the implied contract because the county did not receive and retain the benefits, if any, of any services rendered and because he agreed he could recover only if the bond issue passed. He did his work knowing that contingency. Even the contract sought to be implied was contingent upon the bonds being voted. Otherwise, there was no need for architectural services.

We have given careful study to the line of cases represented by Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841 and Cochran County v. West Audit Co., Tex.Civ.App., 10 S.W.2d 229. In all those cases the plaintiffs proved the cities or counties accepted the services sued for and benefited therefrom. The record in our case is directly contrary thereto and appellee is void of equity upon which to depend. For all the reasons stated, the judgment of the trial court is reversed and rendered that plaintiff take nothing.