**L. T. FOSTER, Appellant,**

v.

**CITY OF LUBBOCK et al., Appellees.**

No. 7681.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 6, 1967.

Rehearing Denied March 13, 1967.

From the pleadings, affidavits, and exhibits it appears that in July, 1960 upon the solicitation of the City Manager of Lubbock and the executive officer of the Lubbock Urban Renewal Agency, the plaintiff proceeded to prepare plans and specifications and to provide financial advice and counsel to create and construct the Lubbock Urban Renewal Project, a low income housing project, later known as the Weber Arms Project. It was alleged that for his "work product" and services he would be financially protected by the City of Lubbock and the Urban Renewal Agency. Allegations are made the city received valuable materials and services from the plaintiff, and that the obligations and agreements of the parties were performable within one year. It was further asserted that the indebtedness of the city for material and services was payable out of the available general funds of the city. No written contract was entered into by the parties. Plaintiff bases his cause of action on an implied contract and quantum meruit. Upon hearing and consideration of the pleadings, plaintiff's deposition and affidavits, the trial court granted the defendants' motion for summary judgment.

One of the exhibits attached to the pleadings was a letter written by Foster to the Mayor of the City of Lubbock dated April 18, 1964. In this letter he detailed the history of his activities with the Urban Renewal Project and his dealings with the City Manager and director of the Urban Renewal Agency. This letter, together with his deposition, discloses his proposal could not go forward without the approval of the Federal Housing Authority; and that this approval was never given to the corporation formed by Foster and Associates. It became evident during the months he dealt with the city officials and F.H.A., that approval would be given only to an "existing non-profit corporation" to sponsor the project. Foster's corporation apparently did not qualify. The Southeastern Lubbock Development Corpo-

O'Connor & Brister and Thomas J. Griffith, Jr., Lubbock, Thomas J. Griffith, Jr., Lubbock, of counsel, for appellant.

Fred O. Senter, Jr., City Atty., and Sam C. Rodehaver, Asst. City Atty., Lubbock, for appellees.

DENTON, Chief Justice.

Summary judgment was rendered for the defendants, City of Lubbock, Southeastern Lubbock Development Corporation, and the Urban Renewal Agency of Lubbock in appellant L. T. Foster's suit for alleged professional services rendered.

ration was subsequently approved to sponsor the Weber Arms Project which was later built under that corporation's sponsorship. Foster stated that after he had repeatedly asked for a written contract the City Manager and an Urban Renewal official told him that "neither the U.R.A. nor the city could legally give a contract, but that they, the city and U.R.A., could and would guarantee that no other group would be allowed to take over or destroy the investment that he was pouring into this Project". Admittedly no contract was entered into between these parties, thus plaintiff's recovery can only be based on an implied contract or quantum meruit. A recovery on an implied contract cannot be sustained in the absence of the city's power or authority to enter into a contract sought to be implied. Nunn-Warren Publishing Co. v. Hutchinson County (Tex.Civ.App.) 45 S.W.2d 651 (Writ Ref.). Pritchard & Abbott v. McKenna, Tex.Civ.App., 343 S.W.2d 752 reversed on other grounds, 162 Tex. 617, 350 S.W.2d 333.

■ The alleged oral agreement to reimburse Foster for his professional services can be enforced only if the implied contract was authorized by the city at the time it was entered into. Article 11, Section 7 of the Texas Constitution, Vernon's Ann.St. provides in part "no debt for any purposes shall be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund". The word "debt" as used in this Constitutional provision has been held to mean any pecuniary obligation imposed by contract, except such as was, at the time of the agreement, within the law and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year or out of some fund then within the immediate control of the county or municipality. Texas & N. R. R. Co. v. Galveston County, 141 Tex. 34, 169 S.W.2d

713. Ochiltree County v. Hedrick (Tex. Civ.App.) 366 S.W.2d 866 (Ref. N.R.E.). Under the pleadings, plaintiff's affidavit and exhibits, there had been no agreement between the parties as to when the defendants would become obligated or the extent of such obligation. The plaintiff's assertion that the indebtedness was readily payable out of the general funds of the City of Lubbock and that it was "always contemplated that such payment would be made within the fiscal year in which the obligation was made" are legal conclusions and are insufficient to raise a material fact issue. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557. Duffard v. City of Corpus Christi (Tex.Civ.App.) 332 S.W.2d 447.

In order to recover against the city, facts must be alleged which show a compliance with the Constitutional and statutory provisions. McNeal v. City of Waco, 89 Tex. 83, 33 S.W. 322. The alleged agreement was invalid because it violates Article 11, Section 7 of the Texas Constitution. Under this record it would have exceeded the powers of the city. This is evident because a debt was sought to be created without complying with the requirements of the Constitutional provision and there were no allegations sufficient to bring it within the exception stated in the definition of the word "debt".

■ The plaintiff also relies on the theory of quantum meruit for recovery. It is well settled that recovery can be had for services furnished a city where the city knowingly receives such services or property on an agreement which it had power to enter into, but which was not legally entered into. City of Houston v. Finn, 139 Tex. 111, 161 S.W.2d 776. This rule is based upon the equitable principal a city should not be permitted to receive and sustain benefits of an agreement without paying the reasonable value of such benefits. City of Corpus Christi v. Drought (Tex.Civ.App.) 380 S.W.2d 645 (Ref. N. R.E.). The record fails to reveal such benefits were received by the city or the

Urban Renewal Agency. There is no showing plaintiff's "working products" in formulating the housing project was utilized by the defendants. By deposition, plaintiff does not contend his plans and specifications were used, but testifies he did think "many of the ideas that we spent two years digging out were incorporated" in carrying out the Weber Arms Project. This is not sufficient to invoke the equitable principal sought to be invoked by the plaintiff. He strongly relies on City of Corpus Christi v. Drought (supra) among others, to support his position. In that case recovery for engineering services was permitted against the city upon the principal of quantum meruit, but the case is not controlling here. There the city conceded the plaintiff performed the services, and that the city derived some benefit from such services, but asserted the jury verdict was excessive. Such is not the case here. The plaintiff realized he would be unable to proceed without the approval of F.H.A. The corporation he organized failed to receive this approval. This was a contingency he was aware of from the beginning. If approval had been gained, the plaintiff expected to realize what he referred to as a "builder's profit" from the project. We thus conclude the implied contract is unenforceable and there can be no recovery under this record by quantum meruit.

A review of the record shows there is no genuine issue of material fact to be determined. In so doing, we reviewed the record in the light most favorable to the appellant, indulging in his favor every intendment reasonably deducible from the record and resolving all doubts as to the existence of a genuine issue of material fact against the defendants. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. We therefore conclude the trial court was correct in entering the summary judgment for the defendants.

The judgment of the trial court is affirmed.