**Arthur Ray BEKEN, Appellant,**

v.

**Alfred John ELSTNER et al., Appellees.**

**No. 896.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 12, 1973.

Rehearing Denied Jan. 9, 1974.

Richard T. Halpain, Hart & Halpain, La Grange, for appellant.

James H. Whitcomb, Columbus, Dan Ryan, Houston, for appellees.

CURTISS BROWN, Justice.

This is a suit for damages for the conversion of certain crops.

Appellant Arthur Ray Beken purchased a farm from appellees Polk, Greenberg, and Hebert on July 7, 1971. Prior to that sale, appellee Alfred John Elstner had leased the farm for the purpose of growing certain crops. He had farmed under consecutive one-year oral leases from 1965 to

1970, each lease running from July 1 to June 30. In September 1970, the lessor died and the land passed to appellees Polk, Greenberg, and Hebert. Elstner testified that he agreed with the new owners to take a one-year lease from January 1, 1971, to December 31, 1971. He also testified inconsistently that his lease ended on June 30, 1971. In July 1971, Elstner had growing crops on the land. After the sale, Arthur Ray Beken refused to allow Elstner to harvest most of the crop. Elstner brought suit for conversion; Beken brought a cross-action against Elstner for the value of the crop harvested and a third party action against his vendors alleging a breach of their covenant of general warranty. Trial was to a jury which found, in response to special issues, that Elstner had a lease agreement with Polk, Greenberg, and Hebert which entitled him to remove his crops subsequent to the conveyance to Beken. It also found that Arthur Beken (father of the appellant and his agent in negotiating the sale) represented to Polk that Elstner would be allowed to remove his crop and that Polk relied on that representation. Judgment was entered for $5,000 for Elstner against appellant, and take-nothing judgments were entered in the other actions.

■ Appellant brings eight points of error. Points three through five complain that the trial court erred in allowing various testimony of statements by Arthur Beken to the effect that Elstner would be allowed to harvest his crop. Appellant filed a motion in limine with regard to such testimony, and it was overruled. No further objections were made during the trial, and appellant elicited such testimony from a witness. When a motion in limine is overruled, objection must be made at the time questions are asked or evidence is offered to preserve the right to complain on appeal. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.Sup.1963). These points were not properly preserved and therefore cannot be considered.

■ The sixth point alleges error in the trial court's ruling on a claim of attorney-client privilege. Appellant objected to the ruling but withdrew his objection before the testimony was offered. Therefore this point was not properly preserved and cannot be considered. Texas Rules of Civil Procedure 373.

■ Appellant raises points one, two, and seven on the existence or sufficiency of the evidence to support two of the jury's findings set out above. First, although there is some evidence in the record, after a full consideration of all the evidence, we are of the opinion that there was insufficient evidence to support the jury's finding that Elstner had an oral lease agreement entitling him to remove his crops from the farm after the sale on July 7, 1971. The only evidence in support of the finding is testimony by Elstner, which he later contradicts. The great weight of the evidence points to the conclusion that Elstner's lease terminated on June 30, 1971. Second, we have concluded that there was ample evidence to support the jury's finding that Arthur Beken represented to Polk that Elstner would be allowed to recove his crops. Although the testimony was somewhat confused and contradictory, we cannot say the finding was so against the great weight and preponderance of the evidence as to be unjust.

■ As a result of our conclusions as to Beken's representations to Polk it is not necessary to reverse this case because of our holding on the first finding. Generally, when a lease for a certain term expires, a lessee is not entitled to crops planted at such a time that they do not and cannot mature before expiration of the lease. Miller v. Gray, 136 Tex. 196, 149 S.W.2d 582 (1941). Nevertheless, a lessee is entitled to the crop when the evidence shows the lessor knew the crop could not mature during the term and still consented to or acquiesced in planting or cultivating. Crow v. Ball, 99 S.W. 583, 584 (Tex.Civ.App. 1907, no writ). There is ample evidence to

show that the lessor, Polk, consented to Elstner's cultivation. Polk was careful to get Arthur Beken's agreement, as found by the jury, to let Elstner remove his crops.

■ Appellant's eighth point complains of the take-nothing judgment entered against Polk, Greenberg, and Hebert as being without support in the evidence. On the contrary, appellees did not breach their covenant of general warranty. Beken, through his agent, consented to the encumbrance placed on the land by Elstner's right to enter to remove his crops. This consent was found by the jury, and we have upheld their finding.

Affirmed.