**DAL–MAC CONSTRUCTION COMPANY, Appellant,**

v.

**VICTOR LISSIAK, JR., INC., Appellee.**

**No. 5461.**

Court of Civil Appeals of Texas, Waco.

June 5, 1975.

Strasburger, Price, Kelton, Martin & Unis, W. Edward Walts, II, Dallas, for appellant.

Odeneal & Odeneal, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a summary judgment case. Plaintiff-Appellee Victor Lissiak, Jr., Inc., a consulting engineering firm, contracted in writing with Defendant-Appellant Dal-Mac Construction Co. whereby Lissiak agreed to furnish certain professional engineering services to Dal-Mac. The contract was in letter form, dated July 15, 1974, signed by representatives of both parties, described the type of professional engineering services to be performed by Lissiak, and recited that the services would be provided at the hourly rate of $15.00 per hour not to exceed $4200.00 in all. Then the contract provided: "Upon completion and delivery of the drawings, the net fee will be due within 15 days."

On July 17, 1974, the parties by agreement made a minor alteration in the contract as evidenced by a marginal notation on the contract, whereby one part of the work would not exceed $500.00 and the balance of the work would not exceed $3700.00, making an overall maximum figure of $4200.00, the same maximum figure provided for in the original contract.

On August 2, 1974, Lissiak submitted an itemized statement to Dal-Mac for "professional services rendered" in the total amount of $4212.91, composed of $4120.00 for professional services rendered and $92.91 for reproduction expenses done at the request of Dal-Mac. It is undisputed that the services were satisfactorily performed and accepted.

Plaintiff-Appellee Lissiak filed suit against Dal-Mac for $4212.91 on October 3, 1974, whereupon Defendant-Appellant Dal-Mac answered with a general denial.

Appellee then filed a Motion for Summary Judgment with a supporting affidavit by its President, Victor Lissiak, to the effect that the professional services had been performed by Appellee and had been accepted by Appellant, and that payment was due and owing, but that payment for such services had not been made. Lissiak's affidavit was accompanied with exhibits containing copies of the contract, statement of professional services rendered, and other exhibits.

Defendant-Appellant Dal-Mac filed its Answer to the Motion for Summary Judgment accompanied by the affidavit of its President, H. H. McJunkin, Jr., in opposition thereto. The only defense raised by Defendant-Appellant to the Motion for Summary Judgment was that the contract in question must be interpreted in light of the following custom and usage of trade in the construction industry, to wit, that subcontractors do not get paid for their work performed until the contractor is paid by his principal. Defendant-Appellant further asserted that it had not been paid as contractor, and therefore the Plaintiff-Appellee is not entitled to be paid until Defendant-Appellant gets paid for its work from its principal. In other words, that until such time as Defendant-Appellant receives its money on its contract, a reasonable time had not passed for the Plaintiff-Appellee as subcontractor to be entitled to its money.

After notice and hearing, the trial court granted Plaintiff-Appellee Lissiak a Summary Judgment against Defendant-Appellant Dal-Mac as prayed for in Plaintiff's Original Petition, from which Dal-Mac appeals.

Appellant asserts the trial court erred in granting Appellee's Motion for Summary Judgment, saying Appellee failed to show as a matter of law that it was entitled to Summary Judgment, because "a fact issue exists as to the effect of industry custom or usage" upon the contract in question. We overrule this contention and affirm the trial court's judgment.

In effect Appellant is contending that a fact issue exists as to the time of payment pursuant to this contract, saying that extrinsic evidence is admissible to show the customs and usages of the construction industry bearing upon the time of payment under the contract in question.

We do not agree with this argument, because the contract in question is clear and unambiguous in providing for time of payment. It specifically provides: "Upon completion and delivery of the drawings, the net fee will be due within 15 days."

If there is no ambiguity, the construction of a written instrument is a question of law for the court. *City of Pinehurst v. Spooner Addition Water Co.* (Tex.1968) 432 S.W.2d 515.

It is only where the writing, on its face, is ambiguous, as where the language used is subject to two or more interpretations, that extrinsic evidence may be used. *Smith v. Liddell* (Tex.1963) 367 S.W.2d 662. If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. It follows that parol evidence is not admissible to render a contract ambiguous, which, on its face, is capable of being given a definite certain legal meaning. *Lewis v. East Texas Finance Co.* (1941) 136 Tex. 149, 146 S.W.2d 977; *Remington Rand, Inc., v. Sugarland Industries* (Tex.Com.App.1941) 137 Tex. 409, 153 S.W.2d 477, opinion adopted by the Supreme Court.

In the case at bar, the contract was clear and unambiguous in providing for the time of payment, to wit, fifteen days after completion and delivery of the drawings. It is undisputed from the summary judgment proof that the work called for in the contract had been completed by the Plaintiff-Appellee and accepted by the De-

fendant-Appellant, and the fifteen day period had more than passed thereafter before suit was filed thereupon. Therefore Plaintiff-Appellee was entitled to be paid for his services under the express terms of the contract. Evidence of a custom or usage in the construction industry concerning time of payment for subcontractors was therefore inadmissible, and no fact issue was presented. Evidence of custom is admissible only to explain an ambiguous contract or to add to it an element not in contravention of its terms; but such evidence is not admissible to contradict the plain unambiguous covenants and agreements expressed in the contract itself. *Miller v. Gray* (1941) 136 Tex. 196, 149 S.W.2d 582; *Malone v. Dawson* (1928) 117 Tex. 377, 5 S.W.2d 965.

There being no fact issue presented concerning the time of payment, and there being no other material fact issue presented by the summary judgment proof, it appears from the record before us that Plaintiff-Appellee is entitled to judgment as a matter of law. The summary judgment entered by the trial court was therefore proper, and is affirmed.

Affirmed.