SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellant,

v.

CHRISMAN CONSTRUCTION
COMPANY, INC., Appellee.

No. 16535.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 9, 1975.

Rehearing Denied Nov. 6, 1975.

James M. Shatto, Herb H. Ritchie, Houston, for appellant.

Adams & Adams, Joe R. Blackburn, Houston, for appellee.

PEDEN, Justice.

Chrisman Construction Company, Inc., sued Southwestern Bell Telephone Company for its expenses in providing additional materials and labor allegedly required by Bell on a construction job. Bell appeals from the judgment entered on the jury's verdict. We reverse and render because Chrisman did not file this cause within two years after it accrued.

By a written contract Chrisman agreed to "excavate trench, place conduit, excavate for manholes, construct manholes, place manhole frames and covers, and place galvanized iron pipe" along Interstate Highway 45 near Spring, Texas. The contract price was paid. Chrisman alleged in its petition that after it had commenced work on the project, inspectors for Bell required Chrisman 1) to use 549 tons of stabilized sand as backfill material instead of dirt specified in the plans and specifications made part of the contract and 2) to increase the thickness of the manhole walls in proportion to their depth. Bell points out that item 7 of the contract provides that the work will be performed "in accordance with the plats, plans, specifications, drawings, and instructions under the Telephone Company's Estimate or other work order number stated on the face of this contract, and in accordance with the current Bell System Practices applicable to the work."

Judgment was entered for the plaintiff-appellee based on these jury findings:

1. While the construction was in progress, under the terms of the written contract between Plaintiff and Defendant, authorized representatives, agents or servants of Southwestern Bell Telephone Company ordered modifications or changes in the amount or specifications of the work to be done under said contract.

2. Plaintiff complied with such order and made such changes and modifications.

3. The extra work and material furnished by Plaintiff did not constitute minor changes not involving extra cost.

4. Plaintiff had completed all the work in question, including all extra labor and materials, on or about June 3, 1970.

5. Defendant had accepted all the work in question including all extra labor and materials on or about September 2, 1970.

6. The amount of money, which, if paid now in cash, would compensate the Plaintiff for labor, materials and time expended for the completion of additional work or alterations and specifications done under said contract is $28,894.

The contract contained this general provision:

"1. Changes in the work:

The Telephone Company may make changes in the work by altering, adding to or deducting from, the work. If the contract sets forth a unit or quantitative price, the contract price shall be adjusted for such change on the basis of such unit or quantitative price. No change in

the contract price shall be made for minor changes not involving extra cost. All other adjustments in the contract price by reason of any change shall be agreed to by the parties."

Bell's first point of error is that the trial court erred in failing to render judgment for Bell because Chrisman's cause of action was barred by Art. 5526, Vernon's Texas Civil Statutes, the two-year statute of limitations, since it was a suit for a debt not evidenced by a written contract. It is uncontroverted that Chrisman filed this suit more than two years after its cause of action accrued. In deciding this point we consider whether the changes found by the jury amounted to extra work or additional work. We differentiated between these terms in *City of Houston v. L. J. Fuller, Inc.,* 311 S.W.2d 285 (Tex.Civ.App.1958, no writ):

"Extra work is work arising outside of and independent of the contract; something not required in its performance. Additional work is that required in the performance of the contract and without which it could not be carried out."

There is no evidence in our case that the changes were required in the performance of the contract or that it could not be carried out without them. The changes amounted to extra work.

It was held in *Collins v. Hall,* 161 S.W.2d 311 (Tex.Civ.App.1942, writ ref. w. o. m.) that alterations and changes made by the owner with the consent of the contractor did not constitute an abandonment of the construction contract but merely amount to substitutions in lieu of the written provisions of the contract. The contractor's recovery for the changes is not predicated on the terms of the written contract but on extra work done and materials furnished beyond the requirements of the contract. That recovery is on a quantum meruit basis.

■■ Recovery on an express contract and on quantum meruit are inconsistent.

*Woodard v. Southwest States, Inc.,* 384 S.W.2d 674 (Tex.1964). Since Chrisman's claim is for the extra work and is not based on the written contract, the two-year statute of limitations bars recovery. *City of Houston v. Finn,* 161 S.W.2d 776 (Tex.1942).

We conclude that the provision allowing Bell to make changes in the work does not bring the changes ordered by Bell within the written contract. The contract did not set forth a unit or quantitative price, and the parties did not agree to an adjustment of the contract price by reason of the changes. The evidence shows that Bell made no effort to agree.

We do not reach the appellant's other points of error.

Reversed and rendered.